SUMMARY ORDER

Jiabing Gao, a native and citizen of the People’s Republic of China, seeks review of a July 30, 2008 order of the BIA, affirming the March 27, 2003 decision of Immigration Judge (“IJ”) Joanna Miller Bukszpan, which denied her application for asylum and withholding of removal. In re Jiabing Gao, No. A076 120 028 (B.I.A. July 30, 2008), aff'g No. A076 120 028 (Immig. Ct. N.Y. City Mar. 27, 2003). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
I. Asylum and Withholding of Removal

A. Past Persecution

With respect to Gao’s claim of past persecution, substantial evidence supports the agency’s adverse credibility determination. See Liang Chen v. U.S. Att’y Gen., 454 *612 F.3d 103, 106-07 (2d Cir.2006). For example, as the IJ found, while Gao claimed that she underwent an abortion in China after the birth of her daughter, Gao’s medical records indicate she had an abortion before the birth of her daughter. When confronted with the discrepancy, Gao failed to provide a compelling explanation. See Majidi v. Gonzales, 430 F.3d 77, 80 (2d Cir.2005). Although Gao argues that this inconsistency is immaterial, the circumstances of Gao’s abortions bear a legitimate nexus to her claim. See Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).
The IJ further observed that although Gao’s asylum application listed her husband as having entered the U.S. on January 23, 1999, Gao testified that her husband has never been to the U.S. and remains in China. Similarly, although Gao stated on her asylum application that birth control officials came to her house and informed her that she must have an abortion, she testified that the officials informed her mother-in-law of the required abortion. Gao argues that these inconsistencies are too minor to support an adverse credibility determination. We disagree. Yet, even if these inconsistencies were minor, together they served to undermine Gao’s credibility. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006).
Ultimately, the IJ’s adverse credibility determination was “based upon neither a misstatement of the facts in the record nor bald speculation or caprice,” and was thus supported by substantial evidence. Zhou Yun Zhang v. INS, 386 F.3d 66, 74 (2d Cir.2004), overruled in part on other grounds by Shi Liang Lin v. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

B. Well-Founded Fear

With respect to Gao’s well-founded fear of persecution claim, she argues that the agency erred in concluding that she failed to demonstrate eligibility for relief based on the fact that she has two children. While Gao stated that she violated China’s family planning policy by failing to obtain a birth permit for her second child, the IJ found that Gao had not corroborated that claim. Gao fails to identify any error in the IJ’s decision and does not point to anything in the record that the IJ failed to consider that would compel a contrary conclusion. Thus, the IJ did not err in finding that Gao failed to establish eligibility for relief based on the birth of her children. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 158-73 (2d Cir.2008); see also Wei Guang Wang v. BIA 437 F.3d 270, 274-76 (2d Cir.2006); Jian Xing Huang v. INS, 421 F.3d 125, 128-29 (2d Cir.2005).
Because substantial evidence supports the agency’s adverse credibility determination and because Gao otherwise failed to meet her burden of proof, the agency properly denied her application for asylum and withholding of removal where both claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
II. CAT Relief
Under 8 U.S.C. § 1252(d)(1), “[a] court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right.” This jurisdictional rule is absolute with respect to the requirement that the alien raise in her appeal to the BIA each category of relief she subsequently raises in this Court. See Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006) (citing Beharry v. Ashcroft, 329 F.3d 51, 59 (2d Cir.2003)). *613 Here, although Gao explicitly declined to seek CAT relief before the IJ and the IJ found that she had waived any such claim, the BIA purported to “agree” with the IJ’s denial of CAT relief. Ordinarily, when the BIA addresses an issue that an individual did not raise in her brief to the BIA, that issue is considered exhausted and may be reviewed by this Court. See Xian Tuan Ye v. Dep’t of Homeland Sec., 446 F.3d 289, 296-97 (2d Cir.2006); Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir.1994). However, as Gao explicitly declined to seek CAT relief before the IJ, the BIA’s misstatement of the record cannot revive a claim that Gao never made. See Li Hua Lin v. Dep’t of Justice, 453 F.3d 99, 107 (2d Cir.2006). Thus, to the extent Gao argues in this Court that she is eligible for CAT relief, her arguments are unexhausted.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).